IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUENTIN APKARIAN,

                Plaintiff,

v.

LINCOLN HILLS SCHOOL,

                Defendant.

OPINION & ORDER

17-cv-309-jdp

---

Plaintiff Quentin Apkarian, a prisoner currently housed at the Green Bay Correctional Institution, brings this lawsuit alleging that staff at the Lincoln Hills School beat him when he was housed there. Apkarian has made an initial partial payment of the filing fee, as previously directed by the court.

The next step in this case is to screen the complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Apkarian is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

Apkarian alleges that in in September 2014, he got into a physical altercation with another detainee. After he lay face down on the floor, Lincoln Hills guards kneeled unnecessarily hard on his back, threw him into a van, repeatedly hit him, threw him out of the van onto his face, put him in a new cell, and hit him some more. They also failed to get him medical attention after the incident.

These allegations state plausible claims under the Eighth Amendment against the guards. But Apkarian names only the Lincoln Hills School as a defendant, and he cannot sue

the facility or the state for money damages he seeks in this lawsuit brought under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (state and its agencies cannot be sued for constitutional violations because they are not "persons" within the meaning of § 1983).

Apkarian may sue the officers who harmed him, but he does not name those individuals as defendants. I will give him a short time to submit an amended complaint naming those people as defendants in the caption and explaining in the body of the complaint what each person did to harm him. If he does not know the actual identities of those individuals, he should refer to these individuals as "John Doe No. 1," "John Doe No. 2," and so on. If Apkarian submits an amended complaint naming the individuals who harmed him, I will screen the amended complaint. If Apkarian fails to respond to this order, I will dismiss the case for Apkarian's failure to name any officials capable of being sued, and assess him a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that plaintiff Quentin Apkarian may have until June 14, 2017, to submit an amended complaint naming as defendants the individuals who harmed him.

Entered May 24, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge