IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUENTIN APKARIAN,

              Plaintiff,

  v.

OFFICER MCALLISTER, ED WALL, MS. KRUEGER,          ORDER
DOUG CURTIS, JAMES SCHMIDT,
DUSTIN MEUNIER, JOHN OURADA,                     17-cv-309-jdp
BRUCE SUNDE, PAUL WESTERHAUS,
JOHN DOE OFFICERS #3 and #5,
and JEFF JAEGER,

              Defendants.

---

Plaintiff Quentin Apkarian, appearing pro se, is a prisoner at Green Bay Correctional Institution. He alleges that while he was housed at Lincoln Hills School, state officials violated his constitutional rights by physically and sexually abusing him and failing to provide him with medical care, and that that state and county officials failed to take action to stop the pattern of abuse at the facility.

The state defendants have filed a motion for summary judgment on the ground that Apkarian did not exhaust his administrative remedies at the Lincoln Hills School regarding his claims. Dkt. 54. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").[1] The administrative exhaustion requirement is mandatory, *Woodford v. Ngo*,

---

[1] The Prison Litigation Reform Act defines "prisoner" as including persons adjudicated delinquent, so the exhaustion requirement applies to Apkarian. *See, e.g., Upthegrove v. Westerhouse*, No. 08-CV-552-SLC, 2009 WL 961132 (W.D. Wis. Apr. 8, 2009) (applying

548 U.S. 81, 85 (2006), and "applies to all inmate suits," *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Its purpose is not to protect defendants but to give prison officials an opportunity to resolve complaints without judicial intervention. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537–38 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation").

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Defendants have provided a declaration from the facility superintendent stating that Apkarian never filed an internal grievance about the September 2014 incident supporting Apkarian's claims. Dkt. 56. Apkarian provides his own declaration stating that, "[a]fter the incident [he] reached out to staff and wrote multiple complaints regarding the assaults," and that he contacted defendants Ourada and Westerhaus to report the abuse after he "heard no responses from the complaints." Dkt. 58, at 1. This suggests that the full grievance process was unavailable to him. Defendants contend that this declaration is insufficient to raise a genuine issue of material fact over whether Apkarian filed grievances, because he does not attach those

---

exhaustion requirement to claims occurring while an inmate was housed at Lincoln Hills).

grievances and he does not explain when or how he submitted them.[2] They cite *Vance v. Peters*, 97 F.3d 987, 994 (7th Cir. 1996), a case in which the Court of Appeals for the Seventh Circuit granted summary judgment to certain defendants on the substance of Eighth Amendment claims because the only evidence the plaintiff provided at summary judgment to show that defendants were aware of her need for medical treatment was her statement that she had sent them letters. The court concluded that the plaintiff's statements lacked detail and that there was no "corroborative evidence with respect to the letters that [the plaintiff] says that she sent to the defendant officials." *Id.*

But this argument runs squarely into other Seventh Circuit case law making clear that a prisoner's declaration that he filed a grievance is enough to force a factfinding hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). *See e.g.*, *Winston v. Clarke*, No. 17-3009, 2018 WL 3954235, at *3 (7th Cir. Aug. 17, 2018) ("Perhaps greater detail was needed before the court would credit [the prisoner's] account, but *Pavey* instructs that the solution is further record development—not summary judgment."). Declarations, even somewhat vague and self-serving ones, are evidence, so Apkarian has done enough to convince me that the court needs to hold a *Pavey* hearing to resolve the factual dispute. *Cf. Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013) (court of appeals has "repeatedly emphasized over the past decade [that] the term 'self-serving' must not be used to denigrate perfectly admissible evidence through which a party tries to present its side of the story at summary judgment").

---

[2] Defendants argue further that Apkarian can only speculate what happened to his grievances, and that his statements that investigators told him that the grievance were probably shredded are hearsay. Investigators' statements to Apkarian are likely hearsay, but Apkarian does not have to prove what happened to his grievances. The question is whether he filed them in the first place.

I will direct the clerk of court to set a *Pavey* hearing before me and to issue a writ of habeas corpus ad testificandum for Apkarian's appearance. Apkarian should bring any evidence he has that supports his version of events. He should also consider whether there are any witnesses who can corroborate his version of events. He should refer to the court's preliminary pretrial conference order, Dkt. 38, for guidance on how to call witnesses to appear at the hearing.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to set a hearing under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), to resolve the factual dispute over plaintiff Quentin Apkarian's exhaustion of his administrative remedies.

2. The clerk of court is directed to issue a writ of habeas corpus ad testificandum for plaintiff's appearance at that hearing.

3. The parties may have until January 4, 2019, to inform the court about the identities of any proposed witnesses they intend to call.

Entered December 12, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge