IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUENTIN APKARIAN,

                Plaintiff,

v.

OFFICER MCALLISTER, ED WALL, MS. KRUEGER,      OPINION and ORDER
DOUG CURTIS, JAMES SCHMIDT,
DUSTIN MEUNIER, JOHN OURADA,                      17-cv-309-jdp
BRUCE SUNDE, PAUL WESTERHAUS,
JOHN DOE OFFICERS #3 and #5,
and JEFF JAEGER,

                Defendants.

---

Plaintiff Quentin Apkarian reached a settlement with some of the defendants in this case. On the basis of the settlement, and my prior orders granting partial summary judgment, the case was dismissed with prejudice and closed. But now a dispute about the settlement has come up, because a small part of the settlement payment has been taken to cover Apkarian's restitution debt.

Here's the background. Apkarian, appearing pro se, is currently a prisoner at Green Bay Correctional Institution. He alleged that while he was housed at Lincoln Hills School, state officials violated his constitutional rights by physically and sexually abusing him when they responded to a fight and failing to provide him with follow-up medical care, and that state and county officials failed to take action to stop a pattern of abuse at the facility. I granted defendant Lincoln County Sheriff Jeff Jaeger's motion for summary judgment and I granted in part a motion for summary judgment filed by the defendants employed by the state. Dkt. 128. Several of Apkarian's claims survived the state defendants' motion for summary judgment. Apkarian and the state defendants mediated those claims before Magistrate Judge Peter

Oppeneer and reached a settlement; judgment was entered after the parties submitted a stipulation of dismissal. Dkt. 142 and Dkt. 143.

Here's the problem. Apkarian has filed two letters expressing his displeasure with how funds from his settlement have been taken to pay a debt, and stating that counsel for defendants, Samuel C. Hall, Jr., misled him about his financial obligations during the mediation. Dkt. 145 and Dkt. 148. Apkarian says that he asked Hall whether he owed "any restitution or court fees or attorney fees," and Hall responded "no that the only fees I owed [were] for the federal filing fee." Dkt. 145. But when the prison business office received the $25,000 settlement check, officials said that they would not deposit the money unless Apkarian agreed to have $539.15 deducted for payment of restitution from his time at Lincoln Hills. Apkarian says that he "got tricked into something that was unfair" and "if [he had known] they were going to do that I would [have] never agreed to a settlement." *Id.* Apkarian asks the court to order defendants to refund him the money that was deducted to pay restitution. At one point he said that he "would like to take back the settlement altogether," *id.,* but it does not appear that he's really asking for that, Dkt. 152.

Apkarian's request for the court to enforce the settlement agreement by ordering the prison business office to refund him $539.15 isn't something that this court can do now that the case has been dismissed. There are two ways that a federal court may retain jurisdiction to enforce a settlement agreement after a case is dismissed: (1) dismiss the case without prejudice and expressly retain jurisdiction over the settlement agreement; or (2) incorporate the settlement agreement into the judgment. *Jones v. Ass'n of Flight Attendants-CWA*, 778 F.3d 571, 573 (7th Cir. 2015). Neither of those things occurred in this case.

Because the court did not retain jurisdiction over the settlement agreement, the court cannot resolve disputes about the agreement in the absence of an independent basis for jurisdiction. *Id.* Enforcement of settlement agreements generally raise only state law issues, which generally do not provide a basis for jurisdiction in the absence of diversity of citizenship. *Id.* Apkarian has already pleaded that he is a Wisconsin citizen, *see* Dkt. 1, at 1, and there is no reason to think that diversity jurisdiction is present. So if Apkarian wanted to enforce the settlement agreement as he understands it, he would have to do that in state court. (Although he would have an uphill fight to enforce a verbal statement when the parties had a written agreement.)

I could reopen the case and unwind the settlement if it were procured by significant fraud. Apkarian says that Attorney Hall misled him about the $539.15 restitution debt before he signed the settlement. Hall disputes Apkarian's account, stating that he did not tell Apkarian that he had no restitution. Hall says that he spoke with Apkarian only at the conclusion of the mediation, after they had reached an agreement, and that he didn't know about the existence of any restitution until Apkarian filed his post-judgment letters. Because I am deciding Apkarian's motion without holding a hearing to determine which party is telling the truth, I will assume that Apkarian's version is correct: Hall told him that he owed no restitution, even though it turned out that he indeed owed $539.15.

Apkarian filed his letters within 28 days of the judgment so I consider his filings as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The type of fraud or misrepresentation argument raised by Apkarian is usually brought in a motion under Rule 60(b)(3) ("fraud . . . misrepresentation, or misconduct by an opposing party"), in which the moving party needs to show by "clear and convincing" evidence that the judgment should

3

be vacated. *See, e.g.*, *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). Under Rule 60(b)(3), the court "must weigh the competing policy interests of the finality of judgment against fundamental fairness in light of all of the facts." *Id.* Courts have adopted the Rule 60(b)(3) framework when considering a fraud, misrepresentation, or misconduct argument in a Rule 59 motion, although under Rule 59 a party need not prove that claim by the "clear and convincing evidence" standard ordinarily used for a Rule 60(b)(3) motion. *See Wharf v. Burlington Northern R. Co.*, 60 F.3d 631, 637 (9th Cir. 1995) ("The standards for granting new trials are essentially the same under both rules, although a Rule 59 motion, because it must be made within 10 days, may require a slightly lower showing than a motion under Rule 60."); *Willis v. Lepine*, No. 09 C 4208, 2011 WL 1630896, at *1 (N.D. Ill. Apr. 29, 2011), (quoting *Wharf*), *aff'd*, 687 F.3d 826 (7th Cir. 2012).

But regardless the precise evidentiary burden on Apkarian, "[r]elief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). This is not an exceptional case that would warrant vacating the judgment.

Even assuming that Hall indeed incorrectly told Apkarian that he owed no restitution, there's no evidence to suggest that this misstatement was part of a ploy by Hall or the DOC to trick Apkarian into settling the case. The restitution amount is only about two percent of the settlement, so it's unlikely that concern over the restitution would have much impact for either side. I would understand Apkarian's feelings of irritation at being misled, but Apkarian owed the restitution debt regardless whether he settled the case. And Apkarian really did (or will) receive the benefit of $25,000 in settlement, even if a small part of that will go to paying off his restitution debt. It would have been better for the parties to have all of Apkarian's financial

obligations clear at the time of the mediation, but Apkarian himself should have been aware of his own restitution obligation. Hall's failure to fully inform Apkarian of his debts is not an error significant enough to warrant vacating the judgment. The nature of the misstatement, the amount involved, and the consequences to Apkarian's finances are too minor to establish that Apkarian was deprived of fundamentally fair settlement proceedings. I will deny his motions and the case will remain closed.

ORDER

IT IS ORDERED that plaintiff Quentin Apkarian's motions to enforce the settlement agreement or to alter or amend the judgment, Dkt. 145 and Dkt. 148, are DENIED.

Entered February 9, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge